IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| TONYAMARIE ADAMS, individually and on behalf of A.H., her minor son,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CEDAR RAPIDS, IOWA and NATHAN TRIMBLE,<br><br>Defendants. | No.<br><br><br><br>PETITION AT LAW & JURY DEMAND |

Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, for her Petition at Law, states:

1. Plaintiff TonyaMarie Adams is a Linn County, Iowa resident and the mother of A.H., a minor.

2. A.H. is a 13-year-old black male.

3. Defendant City of Cedar Rapids, Iowa is a Linn County municipal corporation organized under Iowa law.

4. Defendant Nathan Trimble is employed by the City of Cedar Rapids and its Police Department (CRPD).

5. On or about the early morning hours of August 12, 2020, A.H. was lawfully in the backyard of a friend's house in Cedar Rapids.

6. On information and belief, in the same general area at the same time, CRPD officers were searching for young males believed to be involved in the theft of an automobile.

7. A.H. had no involvement in the automobile theft nor any related illegal activities.

8. The CRPD and Trimble deployed a police canine to search for and apprehend the young black male suspects believed to be involved in the automobile theft.

9. The police canine handled by Trimble has on at least one prior occasion attacked a citizen without provocation or command.

10. Trimble failed to adequately control the police canine as it sporadically darted throughout a residential neighborhood.

11. The police canine encountered A.H. and attacked him without command or provocation.

12. The police canine latched onto A.H.'s arm and refused to release his arm despite being commanded to do so by Trimble.

13. CRPD officers forcefully arrested A.H. and threatened him with numerous charges for conduct which he was not affiliated with nor involved.

14. CRPD officers assumed A.H. was involved in the nearby criminal activity simply by virtue of his race and appearance as a 13-year-old black male.

15. CRPD officers did not conduct any investigation or seek any additional information before searching, detaining, and arresting A.H.

16. CRPD officers wrongfully told medical personnel at St. Luke's Hospital that A.H. "was in a car that was involved in a pursuit which resulted in a foot pursuit."

17. After being treated for his injuries, A.H. was released from CRPD custody and has not been charged with any criminal activity.

18. The police canine attack and arrest of A.H. caused him physical and emotional injuries and damages which exceed the jurisdictional minimum of this Court.

19. A.H.'s injuries and damages have caused TonyaMarie Adams a loss of consortium.

### Count I: Excessive Force

20. Plaintiff incorporates paragraphs 1–19 of this Petition as if set forth fully herein.

21. CRPD officers, including Trimble, used excessive force in deploying a police canine and forcefully arresting A.H.

22. CRPD officers violated A.H.'s right to be free from the use of excessive force by law enforcement personnel as guaranteed by Fourth and Fourteenth Amendments to the United States Constitution, as enforced through 42 United States Code section 1983, and Article I, Section Eight, of the Iowa Constitution.

23. The excessive force used by CRPD officers was a cause of the injuries and damages sustained by A.H.

24. The conduct of the CRPD officers amounted to a reckless disregard for the rights and/or safety of others, including A.H., thus giving rise to a claim for punitive damages.

Wherefore, Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, respectfully requests the Court enter judgment against Defendants Nathan Trimble and the City of Cedar Rapids for the full extent of their injuries and damages, punitive damages, and attorney fees, plus interest and costs as allowed by law.

### Count II: Race Discrimination

25. Plaintiff incorporates paragraphs 1–24 of this Petition as if set forth fully herein.

26. CRPD officers violated A.H.'s right to be free from racial profiling and discrimination as guaranteed by the Thirteenth Amendment to the United States Constitution, and Article I, Section Twenty-Three, of the Iowa Constitution, and 42 United States Code sections 1981 and 1982.

27. The racial profiling and the resulting excessive force and arrest of A.H. was a cause of the injuries and damages sustained by A.H.

28.    The conduct of the CRPD officers amounted to a reckless disregard for the rights and/or safety of others, including A.H., thus giving rise to a claim for punitive damages.

Wherefore, Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, respectfully requests the Court enter judgment against Defendants Nathan Trimble and the City of Cedar Rapids for the full extent of their injuries and damages, punitive damages, and attorney fees, plus interest and costs as allowed by law.

### Count III: Strict Liability

29.    Plaintiff incorporates paragraphs 1–28 of this Petition as if set forth fully herein.

30.    The City of Cedar Rapids and/or Trimble were the owner(s) of the police canine which attacked A.H.

31.    Pursuant to Iowa Code section 351.28, the City of Cedar Rapids and/or Trimble are strictly liable for the injuries and damages caused by the police canine.

Wherefore, Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, respectfully requests the Court enter judgment against Defendants Nathan Trimble and the City of Cedar Rapids for the full extent of their injuries and damages, plus interest and costs as allowed by law.

### Count IV: Negligence

32.    Plaintiff incorporates paragraphs 1–31 of this Petition as if set forth fully herein.

33.    CRPD officers, including Trimble, have a duty to exercise reasonable care in law enforcement activities.

34.    Trimble and other CRPD officers breached this duty and were negligent in training the police canine, deploying the police canine, controlling the police canine, and/or detaining and arresting A.H.

35. The negligence of Trimble and other CRPD officers was a cause of A.H.'s injuries and damages.

Wherefore, Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, respectfully requests the Court enter judgment against Defendants Nathan Trimble and the City of Cedar Rapids for the full extent of their injuries and damages, plus interest and costs as allowed by law.

### Jury Demand

Plaintiff TonyaMarie Adams, individually and on behalf of A.H., her minor son, requests a trial by jury.

PICKENS, BARNES & ABERNATHY

By *Bradley Kaspar*

Matthew G. Novak AT0005897
Bradley J. Kaspar AT0012308
1800 First Avenue NE, Suite 200
P.O. Box 74170
Cedar Rapids, Iowa 52407-4170
PHONE: (319) 366-7621
FAX: (319) 366-3158
EMAIL: mnovak@pbalawfirm.com
EMAIL: bkaspar@pbalawfirm.com

ATTORNEYS FOR PLAINTIFF

Original filed electronically.